UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RONNY LOPEZ,

                Defendant.

No. 16-cr-719-3 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

On November 8, 2018, this Court sentenced Defendant Ronny Lopez to ten years in prison for his role in a conspiracy to commit an armed robbery of a drug dealer in the Bronx.  (Doc. No. 200.)  Now before the Court is Lopez's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 301 ("Lopez Mot.") at 16.)  Because Lopez has not yet exhausted his administrative remedies, his request is DENIED without prejudice to renewal.

Lopez seeks relief under the First Step Act of 2018, which permits a court to "reduce" a defendant's prison term upon a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and the reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).  But a court can grant such relief only if the defendant has first exhausted his administrative remedies.  *Id.*  This requires the defendant to either (1) fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) wait for 30 days to lapse "from the receipt of such a request by the warden of the defendant's facility." *Id.*

In his motion for compassionate release, Lopez acknowledges that he submitted his request for a sentencing reduction to this Court before asking the Bureau of Prisons to bring such a motion

on his behalf.  (Lopez Mot. at 1.)  Lopez has thus failed to exhaust his administrative remedies.  *See United States v. Samuels*, No. 08-CR-789-6 (RJS), 2020 WL 7696004, at *2 (S.D.N.Y. Dec. 28, 2020) (holding that the exhaustion requirement is "unambiguous" and must "be strictly enforced" (internal quotation marks omitted)).  And although the exhaustion requirement is not a jurisdictional limitation, *see United States v. Saladino*, 7 F.4th 120 (2d Cir. 2021), Lopez has offered no compelling justification for his failure to pursue his administrative remedies here.  *See, e.g.*, *United States v. Perez*, 451 F. Supp. 3d 288, 292 (S.D.N.Y. 2020) (explaining that a movant need not exhaust when doing so would be futile, when adequate relief would be unavailable, or when the movant would be subject to undue prejudice).  Accordingly, this Court DENIES Lopez's motion without prejudice to renewal, if and when he exhausts the remedies available to him through the Bureau of Prisons.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 301 and to send a copy of this Order to Lopez via mail at the address listed in his motion.

SO ORDERED.

Dated:      August 16, 2022
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation